## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ELIZABETH TRUJILLO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **VOLT MANAGEMENT CORP. d/b/a** | § | |
| **VOLT WORKFORCE SOLUTIONS,** | § | **Civil Action No.  3:19-cv-337** |
| **SCHNEIDER ELECTRIC BUILDINGS** | § | |
| **AMERICAS, INC. d/b/a SCHNEIDER** | § | |
| **ELECTRIC, and SCHNEIDER** | § | |
| **ELECTRIC USA, INC. d/b/a** | § | |
| **SCHNEIDER ELECTRIC,** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

## SCHNEIDER ELECTRIC DEFENDANTS' NOTICE OF REMOVAL

Defendants Schneider Electric Buildings Americas, Inc. d/b/a Schneider Electric ("SEBA") and Schneider Electric USA, Inc. d/b/a Schneider Electric ("Schneider Electric") (collectively, the "Schneider Electric Defendants") give notice that they are removing this civil action to the United States District Court for the Western District of Texas, El Paso Division, under 28 U.S.C. § 1332, 1441, and 1446 based on diversity jurisdiction (the "Notice").

## I.
## INTRODUCTION

1.     On or about September 30, 2019, Plaintiff Elizabeth Trujillo ("Plaintiff") commenced this action for alleged disability discrimination and retaliation under Chapter 21 of the Texas Labor Code by filing her Original Petition in the 205th District Court, El Paso County, Texas, entitled *Elizabeth Trujillo v. Volt Management Corp. d/b/a Volt Workforce Solutions, Schneider Electric Buildings Americas, Inc. d/b/a Schneider Electric, and Schneider Electric USA, Inc. d/b/a Schneider Electric*, Cause No. 2019DCV3872 (the "State Court Action").

2.      The Schneider Electric Defendants were served with process on October 24, 2019. Accordingly, this Notice is timely.  *See* 28 U.S.C. § 1446(b) (requiring removal on or within thirty (30) days of service).

3.      The Schneider Electric Defendants have conferred with co-Defendant Volt Management Corp. d/b/a Workforce Solutions ("Volt"), and pursuant to 28 U.S.C. § 1446(b)(2), Volt consents to removal of the State Court Action.

4.      Removal is proper to this federal district and division because it embraces El Paso County, Texas.

5.      In accordance with 28 U.S.C. § 1446(a), Appendix A, which is incorporated herein, contains true and correct copies of the process, pleadings, and other documents provided by the district clerk in the State Court Action.  The Notice of Removal filed in the State Court Action is attached as Appendix B.

6.      In accordance with 28 U.S.C. § 1446(d), after the filing of this Notice, the Schneider Electric Defendants promptly will serve Plaintiff, through her counsel of record, and the Clerk of the State Court with copies of this Notice.

## II.
## GROUNDS FOR REMOVAL

**A.      Removal Is Proper Based On Diversity Jurisdiction.**

7.      Removal of the State Court Action is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all *properly joined* defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Based on the allegations in Plaintiff's Original Petition, the Schneider Electric Defendants are informed and believe that Plaintiff is a citizen of the State of Texas. App. A, Original Pet., ¶ 2.

9.      Schneider Electric is, and was at the time Plaintiff commenced the State Court Action, a Delaware corporation with its principal place of business in Illinois.  Upon information and belief, Volt is a Delaware corporation with its principal place of business in New York.

10.      Additionally, based on Plaintiff's Original Petition, the amount in controversy exceeds $75,000.   App. A, Original Pet., Prayer (alleging damages between $200,000 and $1,000,000); *see* 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

**B.      SEBA's Citizenship Should Be Disregarded.**

11.      Removal is proper under 28 U.S.C. § 1332 even though SEBA is a Delaware corporation with its principal place of business in Texas because Plaintiff improperly joined SEBA for the purpose of destroying diversity jurisdiction.  Courts must disregard the citizenship of a nondiverse defendant when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (modification in original); *see Torres v. Trans Health Mgmt., Inc.*, 509 F. Supp. 2d 628, 631 (W.D. Tex. 2006).

12.      There is no reasonable basis for the Court to anticipate that Plaintiff can recover against SEBA.  Plaintiff was employed solely by Volt to serve as an Onsite Manager for Volt's employees who provide temporary services to Schneider Electric at its El Paso, Texas location.  Plaintiff herself was not assigned to provide temporary services to Schneider Electric or SEBA.  Rather, she was responsible for supervising Volt's employees while stationed by Volt at Schneider Electric's El Paso facility.

13.      SEBA is an entirely separate entity from Schneider Electric, and it has no involvement with the El Paso facility.  SEBA does not contract with Volt to receive temporary

services from Volt's employees, and SEBA certainly had no relation to Plaintiff during her employment with Volt. Indeed, Plaintiff alleges no facts to support any independent claims against SEBA for disability discrimination or retaliation. *See* TEX. LAB. CODE § 21.051 (noting that only an "employer" may be held liable for an unlawful employment practice). The only reference to SEBA in the factual allegations of Plaintiff's Original Petition is found in paragraph 10, where Plaintiff incorrectly lumps together SEBA and Schneider Electric as one entity and inaccurately labels the two distinct entities as a single "Employer":

> 10. Schneider Electric Buildings Americas, Inc., d/b/a Schneider Electric and Schneider Electric USA, Inc., d/b/a Schneider Electric is an Employer.

14.     Accordingly, SEBA's citizenship must be disregarded for jurisdictional purposes, and SEBA must be dismissed. *See Int'l Energy Ventures*, 818 F.3d at 209 (holding that when "a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice" (emphasis in original)).

### III.
### CONCLUSION

For all the foregoing reasons, the Schneider Electric Defendants respectfully submit that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and request that the Court assume jurisdiction over this action and dismiss SEBA without prejudice.

Respectfully submitted,

*/s/Andrew M. Gould*
Andrew M. Gould
Texas State Bar No. 00792541
andrew.gould@wickphillips.com
Molly M. Jones
Texas State Bar No. 24100271
molly.jones@wickphillips.com
Dana M. Hilzendager
Texas State Bar No. 24106099
dana.hilzendager@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

**ATTORNEYS FOR THE SCHNEIDER ELECTRIC DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

On November 22, 2019, the foregoing document was electronically submitted with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.  I hereby certify that all counsel of record have been served electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/Andrew M. Gould*
Andrew M. Gould